# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00505-CV

**Jerry Hofrock, Appellant**

**v.**

**Judy Hornsby, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 253,616-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Jerry Hofrock filed a notice of appeal on August 13, 2014 from the trial court's judgment signed on July 18, 2014. The reporter's record is overdue and no payment arrangements have been made with the court reporter. On February 2, 2015, Hofrock filed a motion that relied on his affidavit of indigency, requesting extension of the filing deadline for his brief and abatement of this appeal until after the reporter's record is filed.

Hofrock filed an untimely affidavit of indigence in the trial court on September 2, 2014. *See* Tex. R. App. P. 20.1(c)(1) ("An appellant must file the affidavit of indigence in the trial court with or before the notice of appeal."). By that time, the trial court had lost plenary power over the case. Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). Because the trial court did not have

plenary power over the case when Hofrock filed his affidavit of indigence, it had no authority to conduct a hearing on any contest. *See In re J.B.*, No. 12-03-00033-CV, 2003 Tex. App. LEXIS 3488, at *4 (Tex. App.—Tyler Apr. 23, 2003, no pet.) (mem. op.). Thus, there was no opportunity for the clerk, court reporter, or any party to contest the affidavit as permitted by the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 20.1(e), (i).

We grant Hofrock's motion in part and abate this appeal. The trial court clerk shall: (1) provide the notice specified in Rule 20.1(d)(1) of the Texas Rule of Appellate Procedure and (2) set a deadline for filing a contest to the affidavit of indigence. If a contest is timely filed, the trial court shall hold a hearing to consider evidence and grant the appropriate relief. *See* Tex. R. App. P. 20.1(e)(1), (f), (g)(1), (i). The appeal will be reinstated upon written notice to this Court from any party that: (1) no contest was timely filed, (2) the trial court has issued an order sustaining the contest, or (3) the trial court has not sustained the contest within the period set for hearing the contest. *See* Tex. R. App. P. 20.1(f), (i)(4).

It is ordered on February 6, 2015.


Before Chief Justice Rose, Justices Goodwin and Field

Abated and Remanded

Filed:  February 6, 2015